UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

No. 25-mj-07214-JCB

UNITED STATES OF AMERICA

v.

BRANDON BENDALL

## ORDER ON GOVERNMENT'S MOTION FOR DETENTION

May 13, 2025

Boal, M.J.

Defendant Brandon Bendall is charged in a complaint with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2). An initial appearance was held on May 2, 2025, at which time the government moved for detention pursuant to 18 U.S.C. § 3142(f)(1)(A) (crime of violence), § 3142(f)(1)(E) (felony involving a minor victim), and § 3142(f)(2)(A) (serious risk of flight).

This Court held a detention hearing on May 7, 2025. The parties proceeded by proffer. After careful consideration of the evidence, the parties' arguments, and Pretrial Services Report recommending release on conditions, and for the following reasons, this Court orders the defendant released on conditions.

**I.     ANALYSIS**

    **A.     The Bail Reform Act**

Under the Bail Reform Act, a defendant may only be detained pending trial if the government establishes either by clear and convincing evidence that the person poses "a danger

1

to the safety of any other person or the community if released," or by a preponderance of the evidence that the person poses a serious risk of flight.  18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791-793 (1st Cir. 1991).  If there is some risk, the Court should consider whether a combination of release conditions "will serve as a reasonable guard."  Id. at 791.

In determining whether suitable release conditions exist, the judicial officer must take into account the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the accused, including family ties, employment and other factors; and (4) the nature and seriousness of the danger posed by the person's release.  18 U.S.C. § 3142(g).  Each of these factors must be weighed, and the decision on whether to release is an individualized one.  Patriarca, 948 F.2d at 794.

The government bears the burden of persuasion to establish that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.  United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991).  Where, as here, there is probable cause to believe that the defendant committed an offense involving a minor victim under 18 U.S.C. § 2252A(a)(2), a "rebuttable presumption" of danger and flight arises.  18 U.S.C. § 3142(e)(3)(E).  The presumption imposes a burden of production on the defendant to come forward with "some evidence" to demonstrate that he is not a danger to the community or a flight risk.  United States v. Jessup, 757 F.2d 378, 384 (1st Cir. 1985), *abrogated on other grounds by* United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990).  Without credible evidence to rebut the presumption, the presumption alone may justify detention.  United States v. Alatishe, 768 F.2d 364, 371 (D.C.Cir. 1985).  Notwithstanding this rebuttable presumption, the burden of persuasion always remains with the government.  Jessup, 757 F.2d at

381.

### B. Nature Of The Offense; Weight Of The Evidence

Bendall is alleged to have received and possessed child pornography. According to the complaint, Bendall's cellphone contained more than 9,400 images and videos depicting child pornography. If convicted, Bendall faces a five-year minimum mandatory sentence.

### C. Defendant's History And Characteristics

Bendall, age 49, was born in New Hampshire. At the time of his arrest, he was working as a carpenter for a company in Rochester, Massachusetts. He was unsure whether he could return to his job due to this arrest but believes he could find other employment as a carpenter if released.

### D. Risk Of Flight

Bendall has lived in Massachusetts for most of his life. He shares ownership of a home with his mother. His father lives in Florida. Bendall is not married and has no children.

Bendall does not have a passport and has not traveled outside of the United States since 1990.

### E. Dangerousness

Bendall is alleged to have received and possessed child pornography in violation of 18 U.S.C. §§ 2252A(a)(2) and (a)(5), which are crimes of violence. See 18 U.S.C. § 3156(a)(4)(C). He has no prior criminal record.

### F. Assessment Of All Factors

After carefully evaluating the evidence in light of the criteria for detention set forth in 18 U.S.C. § 3142, the Court determines that the government has not met its burden regarding detention. At the hearing, the government alleged that Bendall is a flight risk and poses a danger

to others based on the nature of the underlying charges. However, in light of Bendall's lack of criminal history, significant ties to Massachusetts, and in conjunction with the proposed conditions of release, this Court finds that conditions can be fashioned to assure Bendall's appearance and the safety of the community. This Court will schedule a hearing to set conditions of release.

           /s/ Jennifer C. Boal
JENNIFER C. BOAL
United States Magistrate Judge